IN THE SUPREME COURT OF THE STATE OF DELAWARE

SHERRY NOBLE,[1]

    Petitioner Below,
    Appellant,

    v.

SCOTT RICHARDS,

    Respondent Below,
    Appellee.

§
§  No. 46, 2020
§
§  Court Below—Family Court
§  of the State of Delaware
§
§  File No. CN13-06305
§  Petition Nos. 19-31904
§            19-24691
§
§
§

Submitted: October 30, 2020
Decided: December 28, 2020

Before **VALIHURA**, **VAUGHN**, and **TRAYNOR**, Justices.

## O R D E R

After careful consideration of the parties' briefs and the record on appeal, we conclude that the judgment below should be affirmed on the basis of the Family Court's order dated January 3, 2020. In denying the petition to modify custody, which was filed less than two years after the court's most recent custody order, the Family Court appropriately considered whether continuing the existing custody and primary residence arrangement would "endanger the child[ren]'s physical health or significantly impair [their] emotional development," as required under 13 *Del. C.* § 729(c). The fact that the appellant disagrees with the Family Court's factual

---

[1] The Court previously assigned pseudonyms to the parties pursuant to Supreme Court Rule 7(d).

determinations is not a basis for reversal. Factual findings will not be disturbed on appeal unless they are clearly erroneous.[2] On appeal, the appellant also has submitted information that was not presented to the Family Court in the first instance, including information relating to events after the Family Court's decision. This Court will not consider evidence that was not presented to the trial court in the first instance.[3]

NOW, THEREFORE, IT IS ORDERED that the judgment of the Family Court is AFFIRMED.

BY THE COURT:

/s/ James T. Vaughn, Jr.
Justice

---

[2] *Shimel v. Shimel*, 2019 WL 2142066, at *2 (Del. May 14, 2019).

[3] *See Price v. Boulden*, 2014 WL 3566030, at *2 (Del. July 14, 2014) ("[T]his evidence was not available to the Family Court in the first instance, is outside of the record on appeal, and cannot properly be considered by this Court."); *Del. Elec. Coop., Inc. v. Duphily,* 703 A.2d 1202, 1206 (Del. 1997) ("It is a basic tenet of appellate practice that an appellate court reviews only matters considered in the first instance by a trial court.").